**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **HICA EDUCATION LOAN CORPORATION** | : | |
| **Plaintiff,** | : | **Civil Action No. 14-1045 (ES)** |
| **v.** | : | **OPINION & ORDER** |
| **VADIM M. SURIKOV,** | : | |
| **Defendant.** | : | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on Plaintiff HICA Education Loan Corporation's ("HICA") motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). The motion is unopposed. Having considered Plaintiff's submissions, (D.E. No. 9), the Court hereby grants Plaintiff's motion for default judgment.

## I.    FACTS

On February 18, 2014, Plaintiff commenced this civil action seeking to recover payments under two promissory notes signed by Defendant Vadim M. Surikov pursuant to the United States Health Education Assistance Loan (HEAL) Program, 42 U.S.C. §§ 292, 294 et seq. and 42 C.F.R. 60. (D.E. No. 1, Complaint ("Compl."). The notes were sold, transferred, and assigned to Plaintiff by the Student Loan Marketing Association (SLMA), and therefore Plaintiff is the holder and/or owner of the notes. (Compl. ¶ 7). Plaintiff alleges that Defendant failed to make payments owed under the terms of the notes. (*Id.* ¶ 8).

On March 6, 2014, Defendant was served with a copy of the Summons and Complaint. (D.E. No. 4).  On April 30, 2014, the Clerk of the Court entered default against Defendant pursuant to Federal Rule of Civil Procedure 55(a) for failure to appear, plead, or otherwise defend in this case.  (D.E. No. 6).  Thereafter, Plaintiff filed the instant motion seeking default judgment.  (D.E. No. 9).

## II.   LEGAL STANDARD

"Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper."  *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted).  A party seeking default judgment is not entitled to relief as a matter of right; the Court may enter default judgment "only if the plaintiff's factual allegations establish the right to the requested relief."  *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012) (quoting *Nautilus Ins. Co. v. Triple C. Const. Inc.,* No. 10-2164, 2011 WL 42889, at *4 (D.N.J. Jan. 6, 2011) (internal quotation marks omitted)).

In order to determine whether granting default judgment is proper, the Court must consider the following three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."  *Chamberlain v. Giampapa,* 210 F.3d 154, 164 (3d Cir. 2000).  A meritorious defense is one which, "if established at trial, would completely bar plaintiff's recovery."  *Momah v. Albert Einstein Medical Center,* 161 F.R.D. 304, 307 (E.D.Pa.1995) (citing *Foy v. Dicks,* 146 F.R.D. 113, 116 (E.D.Pa.1993)).  Furthermore, a defendant's culpable conduct in allowing default is a relevant consideration for a district court.  *Farnese v. Bagnasco,* 687 F.2d 761, 764 (3d Cir. 1982).

2

### III.      JURISDICTION

Before entering a default judgment as to a party "that has not filed responsive pleadings, 'the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L. C.*, No. 08–3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008) (internal citation omitted).

#### A.  Subject Matter Jurisdiction

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treatises of the United States." 28 U.S.C. § 1331.  The HEAL program is federal program governed by the Code of Federal Regulations, and borrowers under the HEAL program are required to repay the loan in accordance with the agreed upon repayment schedule. 42 C.F.R § 60.8(b)(4) (1992).  HICA alleges that Defendant received loans through the HEAL program but failed to repay them.  Because a default on a HEAL program loan is a violation of the Code of Federal Regulations, the Court has subject matter jurisdiction over HICA's claim. *See HICA Educ. Loan Corp. v. Morse*, No. 12-2785, 2012 WL 3757051 (D.N.J. 2012); *HICA Educ. Loan Corp. v. Lepera*, No. 11–960, 2011 WL 3515911, at *2 (D.N.J., Aug.10, 2011).

#### B.  Personal Jurisdiction

HICA has "the burden of proving personal jurisdiction, [but it] can satisfy that burden with a prima facie showing." *Morse*, 2012 WL 3757051 at *2 (internal citations omitted).  HICA alleges that Defendant is a resident of New Jersey, and Defendant was served in the state of New Jersey on March 6, 2014.  (D.E. Nos. 1, 4).  This Court has personal jurisdiction over Defendant.

## IV.    DISCUSSION

First, the Court finds that Defendant was properly served.  On March 6, 2014, Defendant was personally served with a copy of the Summons and Complaint at his residence in New Jersey.  (*See* D.E. No. 4).

Second, the Court finds that Plaintiff stated a sufficient cause of action under the HEAL statute and regulations.  Under the Code of Federal Regulations, "[t]he borrower [of a loan under the HEAL program] must pay all interest charges on the loan as required by the lender or holder" and "must repay the loan in accordance with the repayment schedule." 42 C.F.R. §§ 60.8(b)(2), (b)(4).  Plaintiff executed notes pursuant to the HEAL program on July 13, 1994 and February 26, 1995, each with an original principal amount of $20,000.  (Compl. ¶ 5).  HICA alleges that Defendant has failed to make the payments that are due under the terms of the note, (Compl. ¶ 8), which establishes a breach of the Code of Federal Regulations.

In addition, "[i]f the borrower [of a loan under the HEAL program] fails to make payments on the loan on time, the total amount to be repaid by the borrower may be increased by additional interest, late charges, attorney's fees, court costs, and other collection charges." 42 C.F.R. § 60.8(b)(6).  Because HICA alleges that Defendant failed to repay his loan, he is liable for late charges, attorney's fees, court costs, and any other charges permitted by the Federal Regulations.  To date, however, HICA has not specified what additional fees and costs have been incurred.

Lastly, the Court finds that default judgment is warranted.  Plaintiff will be prejudiced if the default judgment is not granted "because [it] will not be able to seek damages for [its] injuries, due to defendant's continuing refusal to comply with court orders."  *Morse*, 2012 WL 3757051 at *3 (internal citations omitted).  Moreover, Defendant has put forth no evidence or facts containing any information that could provide the basis for a meritorious defense.  *Id.*; *see also Directv, Inc.*

4

*v. Asher*, No. 03-1969, 2006 WL 680533, at *2 (D.N.J. Mar. 14 2006) (granting default judgment where defendant "has not responded in any fashion").  Finally, Defendant's delay is due to his own culpable conduct.  "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard."  *Nationwide Mt. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523 (3d Cir. 2006).  Here, there is no evidence that Defendant's failure to respond stemmed from anything other than his own culpability.

## V.   CONCLUSION

Accordingly, it is on this 21st day of January 2015,

**ORDERED** that Plaintiff HICA's motion for default judgment, (D.E. No. 9), against Defendant Vadim M. Surikov is hereby GRANTED; and it is further

**ORDERED** that judgment is entered against Defendant Vadim M. Surikov in the amount of $41,733.26, with additional prejudgment interest from April 2, 2014 to the date of this judgment at the rate of $2.70 per day; and it is further

**ORDERED** that this judgment shall bear interest from the date of this judgment until it is paid at the contractual rate agreed upon by the parties, which is the contractual rate set forth in the contract between the parties, which is a variable rate calculated by the Secretary of the Department of Health and Human Services for each calendar quarter and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned during the preceding quarter, plus three percent, rounding this figure to the nearest one-eighth of one percent; and it is further

**ORDERED** that Plaintiff is directed to submit adequate evidence documenting any additional fees, costs and charges it seeks, including attorney's fees, within fourteen days of this Opinion.

**SO ORDERED**.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**